# Exhibit A

IN THE IOWA DISTRICT COURT FOR DES MOINES COUNTY

| | |
|---|---|
| TESLA FRENCH,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN ORDNANCE, LLC d/b/a<br>IOWA ARMY AMMUNITION,<br><br>    Defendant. | Case No.: _____<br><br>**PETITION AT LAW** |

**COMES NOW**, the Plaintiff, by and through his undersigned attorney, and for her Petition at Law, hereby states the following:

## INTRODUCTION

1. This is an employment discrimination case filed under the Iowa Civil Rights Act and Title VII of the Civil Rights Act of 1964, challenging Defendant's pregnancy discrimination towards Plaintiff.

2. Plaintiff Tesla French is a resident of Burlington, Des Moines County, Iowa.

3. Defendant American Ordnance, LLC d/b/a Iowa Army Ammunition ("American Ordnance") is a Delaware corporation doing business in Middletown, Des Moines County, Iowa.

4. The acts of which Plaintiff complains occurred in Des Moines County, Iowa.

## PROCEDURAL REQUIREMENTS

5. On May 18, 2023, within 300 days of the acts of which she complains, Plaintiff filed charges of employment discrimination with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission.

6. On approximately April 11, 2024, less than ninety days prior to filing of this Petition, the Iowa Civil Rights Commission issued a Right-to-Sue letter with respect to Plaintiff's charges.

7. On approximately February 14, 2024, less than ninety days prior to filing of this Petition, the Equal Opportunity Commission issued a Right-to-Sue letter with respect to Plaintiff's charges.

## FACTUAL BACKGROUND

8. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

9. Defendant owns and operates a manufacturing plant in Des Moines County, Iowa.

10. On October 20, 2017, American Ordnance hired Tesla as a production operator.

11. On December 16, 2021, Tesla informed her supervisor, Joe Francis, that she was pregnant.

12. On March 30, 2022, Plaintiff presented a letter from her doctor issuing pregnancy-related restrictions due to some complications she was facing in the course of her pregnancy.

13. Defendant transferred Tesla to a different building in their facility that did not have bathroom access.

14. After speaking with a union representative, Tesla was moved into another area where she was exposed to an explosive powder that was unsafe for her pregnancy.

15. On April 6, 2022, Defendant told Tesla they could not accommodate her pregnancy and she was put on unpaid leave for the remainder of her pregnancy.

16. Tesla gave birth in August of 2022.

17. After the birth of her child, Tesla began having conversations with supervisors Dan Remly and John Giddings about her return to work.

18. Tesla expressed concerns about a safe space to pump breast milk when she returned to work.

19. The plant had no clean water source to drink from, nonetheless, wash out her breast pump.

20. There was also no secluded, secured area for her to pump.

21. When Tesla expressed these concerns, Supervisors Remly and Giddings told her she was right, but did not propose any solutions or accommodations.

22. Because there was no safe location for Tesla to breast feed, she had no choice but to resign her employment.

23. Tesla was constructively discharged on September 28, 2022.

24. Joe Francis was an employee and agent of Defendant American Ordnance, acting at all material times in the scope of his employment and agency.

25. Dan Remly was an employee and agent of Defendant American Ordnance, acting at all material times in the scope of his employment and agency.

**26.** John Giddings was an employee and agent of Defendant American Ordnance, acting at all material times in the scope of his employment and agency.

## COUNT I – VIOLATION OF THE IOWA CIVIL RIGHTS ACT

27. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Plaintiff requested reasonable accommodation of a clean and secluded place to pump breast milk following her pregnancy.

29. Defendant failed to reasonably accommodate Plaintiff in violation of the Iowa Civil Rights Act.

30. Defendant failed to participate in the interactive process to come up with a reasonable solution so Plaintiff would be able to return to work following her pregnancy.

31. Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment and constructively discharged her in violation of the Iowa Civil Rights Act.

32. Plaintiff's pregnancy related condition was a motivating factor in Defendant's actions.

33. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages, including but not limited to mental and emotional distress; anguish; humiliation; loss of enjoyment of life; lost wages; benefits, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for appropriate equitable and injunctive relief, including but not limited to reinstatement and corporate training, for prejudgment and post judgment interest, for attorney's fees and litigation expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Iowa Civil Rights Act.

### COUNT II – VIOLATION OF TITLE VII OF THE CIVIL RIGHGTS ACT OF 1964

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35. Defendant discriminated against Plaintiff with respect to the terms and conditions of her employment on the basis of her pregnancy and sex in violation of Title VII of the Civil Rights Act of 1964.

36. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages, including but not limited to mental and emotional distress;

anguish; humiliation; lost enjoyment of life; lost wages; benefits and other emoluments of employment.

37. Defendant acted with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands a judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages in an amount sufficient to punish Defendant and deter it and others, for prejudgment and post-judgment interest, for attorney's fees, for the costs of this action, for appropriate equitable and injunctive relief, including but not limited to reinstatement, and for such other relief as may be just in the circumstances and consistent with the purpose of Title VII of the Civil Rights Act. H

## JURY DEMAND

**COMES NOW**, the Plaintiff, and hereby demands a trial by jury in this matter.

Respectfully Submitted,

 /s/ Hannah Moreland
Hannah Moreland, AT0015141
MUELLER, SCHMIDT,
MULHOLLAND & COOLING, PLLC
2711 Grand Avenue Des Moines, Iowa
50312 Telephone: (515) 444-4000
Facsimile: (515) 635-0082 E-mail:
hannah.moreland@iowalawyers.com
ATTORNEY FOR PLAINTIFF